**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISIDRO CARASSO-GONZALEZ, | No. 17-70105 |
| Petitioner, | Agency No. A079-392-256 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2019
Pasadena, California
Vacated October 7, 2019
Resubmitted April 20, 2020

Before: CALLAHAN and HURWITZ, Circuit Judges, and KORMAN,[**] District
Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

[***]   Pursuant to Ninth Circuit General Order 3.2.h, Judge Hurwitz was
drawn by lot to replace our late colleague Judge Raymond T. Fisher. Judge
Hurwitz has reviewed the record and briefs in this case and listened to the oral
argument before the prior panel.

Isidro Carasso-Gonzalez, a native and citizen of Mexico, petitions for review of a final removal order issued by the Board of Immigration Appeals (BIA), denying his application for withholding of removal and protection under the Convention Against Torture (CAT). As the parties are familiar with the facts and procedural history, we do not recount them here. We deny in part and grant in part Carasso-Gonzalez's petition for review.

1. Carasso-Gonzalez argues he is eligible for withholding of removal because (1) his proposed particular social group of "individuals with severe and chronic mental illness in Mexico who exhibit erratic behavior" is cognizable, and (2) it is more likely than not that his social group is "a reason" that his life or freedom will be threatened in Mexico. As to the first argument, we conclude the agency did not err in rejecting his proposed social group. Both the IJ and BIA reasonably concluded that this proposed social group was insufficiently particular because "the terms 'severe' and 'chronic' are general in nature without reference to specific characteristics." *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013) (en banc) ("The 'particularity' requirement . . . is relevant in considering whether a group's boundaries are so amorphous that, in practice, the persecutor does not consider it a group.").

To the extent that Carasso-Gonzalez now argues that he belongs to a particular social group of "individuals in Mexico with severe and chronic mental

illness who exhibit erratic behavior," we find this argument unexhausted because the additional modifier ("who exhibit erratic behavior") substantively changes the boundaries of the group proposed by Carasso-Gonzalez. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Likewise, we also find that the BIA did not err by failing to apply the standard under *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). Although the BIA's decision summarily cited cases that relied on the "one central reason" standard that this court rejected in *Barajas-Romero*, the agency's denial of Carasso-Gonzalez's withholding claim did not turn on the difference between the "one central reason" and "a reason" standards. Rather, the BIA denied the withholding claim because it found that Carasso-Gonzalez failed to establish a nexus to *any* protected ground, given that his proposed particular social group was not cognizable. *See also Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) ("Because the BIA adopted the IJ's finding of *no* nexus between the harm . . . and the alleged protected ground, neither the result nor the BIA's basic reasoning would change."). Accordingly, we deny Carasso-Gonzalez's petition for review of his application for withholding of removal.

2. We grant Carasso-Gonzalez's petition for review of the denial of his CAT claim and remand for an adequate explanation by the BIA. An applicant for CAT relief bears "[t]he burden . . . to establish that it is more likely than not that he

or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "When evaluating an application for CAT relief, the IJ and the BIA should consider 'all evidence relevant to the possibility of future torture, including . . . [e]vidence of past torture inflicted upon the applicant.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015) (alterations in original) (quoting 8 C.F.R. § 1208.16(c)(3)). "[T]he existence of past torture 'is ordinarily the principal factor on which [the court relies].'" *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005)); *see also Nuru*, 404 F.3d at 1217 ("Past torture is the first factor we consider in evaluating the likelihood of future torture because past conduct frequently tells us much about how an individual or a government will behave in the future."). "[I]f an individual has been tortured and has escaped to another country, it is likely that he will be tortured again if returned to the site of his prior suffering, unless circumstances or conditions have changed significantly, not just in general, but with respect to the particular individual." *Nuru*, 404 F.3d at 1217–18.

The BIA was unclear as to whether Carasso-Gonzalez established past torture when it stated that "[t]he harm the applicant experienced was severe, and contrary to the IJ's determination, *may* rise to the level of torture." To the extent that the BIA found past torture, it did not appear to consider such past torture as a

4

principal factor in its assessment of Carasso-Gonzalez's likelihood of future torture, or provide "an individualized analysis of how changed conditions" might affect Carasso-Gonzalez's CAT claim. *Id.* at 1218 n.6 (quoting *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir. 1998)). Instead, the BIA simply concluded that Carasso-Gonzalez failed to meet his burden. In doing so, we find that the BIA failed to provide a reasoned explanation for its decision. *See Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc) ("[T]he BIA must provide a 'reasoned explanation for its actions.'" (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005))). Accordingly, we remand for the BIA to consider these issues in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

3. Finally, we deny Carasso-Gonzalez's request for compensation of his pro bono counsel based on the reasons discussed in our opinion in *Perez v. Barr*, No. 16-71918, __ F.3d ___ (9th Cir. 2020).

Petition for review **GRANTED** in part and **DENIED** in part.